**John L. Langslet**, OSB No. 721469
jlangslet@martinbischoff.com
MARTIN BISCHOFF TEMPLETON
  LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Ste. 900
Portland, OR  97204
Telephone:  (503) 224-3113
Facsimile:  (503) 224-9471

   Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **SENECA INSURANCE COMPANY**, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>**JAMES RIVER INSURANCE COMPANY**, an Ohio corporation,<br><br>Defendant. | Case No. 3:14-cv-00108-HU<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT** |

The following is the reply of Plaintiff Seneca Insurance Company ("Seneca") to the response of James River Insurance Company ("James River") to Seneca's motion for summary judgment.  For the reasons explained below, Seneca's motion for summary judgment should be granted.

Page 1 -   PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

James River's sole argument is that its Claim(s)-in-Progress exclusion should apply to bar coverage and a duty of defense of the underlying complaint of S.D. Deacon Corp. of Oregon ("Deacon") against Superwall Design, LLP ("Superwall"), the insured of Seneca and James River. Deacon's underlying complaint does not allege when the property damage began. Therefore, it is possible that the property damage began after James River's policy became effective, and therefore the Claim(s)-in-Progress exclusion does not apply and James River should defend. The mere possibility that the James River policy provides coverage for the Deacon claims requires James River to defend. *Gebrayel v. TransAmerica Title Ins. Co.,* 132 Or.App. 271, 275 (1995). (*See* Seneca's Motion for Summary Judgment, pp. 8-9).

James River argues that Seneca agrees in its declaratory judgment complaint that Deacon's underlying complaint against Superwall alleges property damage occurring within Seneca's policy period and, because that policy was in effect before the inception date of the James River policy, some property damage occurred before the inception date of James River's policy. This is not correct. Paragraph 9 of Seneca's complaint alleges:

> The Deacon Complaint alleges property damage to property other than the work product of Superwall when the insurance policies of both Seneca and James River were in effect.

This allegation merely recognizes that the underlying Deacon complaint triggers coverage under both the Seneca and James River policies. This is because the Deacon complaint does not allege any dates when the property damage began, and thus it is possible that the property damage began after the James River policy incepted. It is also possible that the damage began when Seneca's policy was in effect. Obviously, the Seneca and James River policies were not in effect at the same time. So the paragraph 9 allegation simply recognizes that, with no dates alleged by

Page 2 - PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

Deacon, its complaint triggers a duty of defense by both Seneca and James River. Moreover, it is the allegations of Deacon's underlying complaint that control whether James River must defend, not an allegation in Superwall's third-party complaint. "Whether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy." *Ledford v. Gutoski*, 319 Or. 397, 399 (1994) (citing *Oak Ridge Community Ambulance v. U.S. Fidelity*, 278 Or. 21, 24 (1977).

The allegation in paragraph 9 of Seneca's complaint does not admit anything about when the property damage began. Again, this is because there were no such dates alleged in Deacon's complaint. (Langslet Decl., Ex. A). In this regard, it must be emphasized that the complaint that was tendered to James River was the original Deacon complaint which had no dates. It is that complaint that was the operative pleading when James River denied a duty of defense in attorney Lampson's letter of December 5, 2013. (Langslet Supp. Decl., Ex. H). James River argues that, based on the allegations in Deacon's second amended complaint (Langslet Decl., Ex. B, ¶ 9), it was on July 8, 2011, that Deacon hired Beeline to assist Superwall. But that allegation did not exist until the second amended complaint was signed on December 27, 2013, which was after James River denied a duty of defense. (Langslet Decl., Ex. B, p. 32). Most importantly, there is nothing in the allegation that Beeline was hired to assist Superwall in July of 2011 that indicates anything about when the property damage began.

James River argues that it must have rained at some point between the summer of 2011 and the inception date of James River's policy so there must be ". . . some alleged damage in the form of air and water intrusion . . ." occurring before the effective date of James River's policy. (Defendant's Response, p. 3). This argument turns Oregon law on its head. In other words,

Page 3 -   PLAINTIFF'S REPLY TO DEFENDANT'S
            RESPONSE TO MOTION FOR SUMMARY
            JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

James River argues that, if it is possible that there was some property damage before the inception date of its policy, there is no coverage and there is no duty to defend. Oregon law is the opposite. An insurer cannot deny a duty of defense because it is possible there is no coverage. Rather, an insurer must defend if there is a possibility of coverage. Under Oregon law, "[a]n insurer's duty to defend under an insurance contract is broader than its obligation to pay." *Weber v. Chicago Title Ins. Co. of Oregon*, 169 Or.App. 24, 29 (2000) (citing *Ledford*, 319 Or. at 399.

James River argues that "[t]he alleged property damage is air and water intrusion." (Response, p. 10). There is nothing in Deacon's underlying complaint or logic to support such a conclusion. James River's policy provides coverage for property damage which is defined in its policy as: "Physical injury to tangible property . . . ." (Langslet Decl., Ex. C, p. 18). Mere air and water intrusion does not equal physical injury to tangible property. Also, there are no allegations in Deacon's underlying complaint as to when air and water intrusion began.

James River argues that Superwall's third-party complaint contains allegations that are ". . . compelling evidence of no coverage." (Response, p. 8). James River is wrong. First, the third-party complaint is not the operative pleading that was tendered to James River. The operative pleading is Deacon's complaint against Superwall. Second, the Deacon complaint contains no allegations indicating when the property damage began. (Langslet Decl., Ex. A). Third, Superwall's third-party complaint does not allege when the property damage began.

The timing allegations James River cites from the Superwall third-party complaint simply refer to remedial work in the fall of 2011. (*See* Response, p. 8). That allegation says nothing about when the property damage began. Remedial work does not necessarily refer to repair of

Page 4 -  PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE TO MOTION FOR SUMMARY
JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

property damage. Rather, it could simply mean repairs to work that was performed incorrectly.

Additionally, the "fall of 2011" remedial work all could have occurred after the James River policy incepted. Fall refers to that period of time after September 21 of each year. This is only five days after the James River policy incepted.

Deacon's complaint and its second amended complaint allege the property damage as follows:

> The conditions described in paragraphs 11-14 above caused significant and ongoing property damage at Sand & Sea, including damage to the structure, damage to the exterior and interior components, and damage to various other components of the Project, as well as loss of use and enjoyment damages. Absent repair, these conditions would have continued to cause significant and ongoing property damage and other damages at Sand &Sea as set forth above.

(Langslet Decl., Ex. A, ¶ 12; Ex. B, ¶ 15). There are no allegations in Deacon's complaint or its second amended complaint, or Superwall's third-party complaint, indicating that this property damage began prior to September 26, 2011.

James River then argues, citing *Casey v. Northwest Security Ins. Co.*, 260 Or. 485 (1971), that extrinsic evidence should be considered. That is not Oregon law. As stated in *Fred Shearer & Sons, Inc. v. Gemini Ins. Co.*, 237 Or.App. 468, 476 (2010):

> When the question is whether the insured is being held liable for conduct that falls within the scope of a policy, it makes sense to look exclusively to the underlying complaint. That complaint sets the boundaries of the insured's liability, and, as the court reasoned in *Isenhart*, "[i]f a contrary rule were adopted, requiring the insurer to take note of facts other than those alleged, the insurer frequently would be required to speculate upon whether the facts alleged could be proved." 233 Or at 54.

In *Casey*, the court held that an insurer had no coverage for a civil negligence claim after the

Page 5 - PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

insured had been criminally convicted of intentionally injuring the plaintiff which fell within the intentional act exclusion of the insurance policy. Thus, extrinsic evidence is only admissible in the most extreme circumstances. *See Casey*, 260 Or. at 489. Certainly, such a circumstance is not presented here.

In making its judicial admission argument, James River cites to Superwall's original third-party complaint. (See Lampson Decl., Ex. A). However, Superwall filed an amended third-party complaint which does not contain the allegation upon which James River focuses, i.e. that the remedial work occurred in the fall of 2011.

James River then argues that the allegations in Superwall's original third-party complaint about remedial work in the fall of 2011, coupled with Deacon's allegations of air intrusion due to inadequate joints and sealant, conclusively establish that James River owes no duty to defend. (Response, p. 9). There is no factual basis for this astonishing conclusion. The fact that Superwall did remedial work in the fall of 2011 says nothing about when the property damage began. Deacon's allegation of air intrusion is meaningless because air intrusion does not cause physical injury to tangible property except in the most extreme circumstances.

James River argues that there is ". . . only one plausible inference: that Superwall's allegedly defective work was exposed to the weather for about a month before inception of the James River policy in late September." (Response, p. 10). Oregon courts do not decide a duty of defense case based on an inference. An inference is not a factual allegation in an underlying complaint. An inference is a deduction which a trier-of-fact may or may not make. Black's Law Dictionary, Rev. 4th Edition. Under Oregon law, whether an insurer has a duty of defense is a legal not a factual question:

Page 6 - PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

> Whether an insurer has a duty to defend presents a question of law, which is determined by comparing the terms of the insurance policy with the allegations of the complaint against the insured.

*Drake v. Mutual of Enumclaw Ins. Co.*, 167 Or.App. 475, 478 (2000). And Oregon law is clear that "any facts not alleged in the complaint are irrelevant in determining the existence of the duty to defend." *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 505 (1969). If ". . . the allegations of the complaint show that there is a possibility that the policy provides coverage for the claims made," then the insurer has a duty of defense. *Ledford*, 319 Or. at 399. Since there are no allegations in Deacon's second amended complaint that property damage began before September 26, 2011, the Deacon claim could impose liability on Superwall for conduct covered by the James River policy.

James River argues that the alleged property damage is air and water intrusion. (Response, p. 10). This is not correct. Air and water intrusion by themselves do not cause property damage. Rather, it is the intrusion of water that can, over time, cause property damage. Whether the property damage began before September 26, 2011, is not confirmed by Deacon's allegations and therefore James River must defend.

James River argues that it is a scientific fact and the court should take judicial notice that a void in a joint or an omitted/improperly installed sealant allows water to intrude "straightaway" into a building. (Response, p. 10). This is hardly a scientific fact. There are a myriad of factors that would determine whether water intrudes straightaway into a building, such as where the joint is located, the size of the opening, whether the sealant is omitted or simply improperly installed, and the degree of the misinstallation, just to name a few. Thus, James River's suggestion that the court should take judicial notice is improper and should be rejected.

Page 7 - PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

James River argues that *Bresee Homes, Inc. v. Farmers Ins. Exch.*, 353 Or. 112 (2012), is not on point. *Bresee* is on point. *Bresee* held that where a complaint is unclear as to whether damage occurred before or after the completion of the contractor's work, the property damage could have occurred when the contractor's work was not completed, and therefore the products completed operations hazard exclusion did not defeat the duty of defense. Similarly, in this case, there are no allegations of when the property damage began. Therefore, because it is possible that the property damage began after James River's policy was in effect, it must defend.

James River also fails in its efforts to distinguish *Valley Forge Ins. Co. v. Am. Safety Risk Retention Group, Inc.*, 2006 U.S. Dist. LEXIS 24915 (D. Or. 2006). As this court should do in the instant case, the court in *Valley Forge* held that because the complaint did not allege dates when all of the property damage occurred, it was possible that some property damage did not occur until after the insurer's policy was in effect. The same principal applies here. If the underlying complaint is not specific as to whether an insurance policy exclusion applies, the insurer has a duty to defend. The mere possibility that coverage exists is sufficient to trigger the insurer's duty of defense.

The court should reject James River's no-coverage arguments for an additional reason. In its coverage denial letter, James River did not mention the Claim(s)-in-Progress exclusion. (Langslet Supp. Decl., Ex. H). James River has waived, or should be estopped from raising, the Claim(s)-in-Progress exclusion. In fact, James River's coverage denial letter did not mention any reason for its denial which is a violation of Oregon's unfair claims settlement practices statute, ORS 746.230(m). This statute provides that an insurer shall not deny a claim without providing a ". . . proper explanation of the basis relied on in the insurance policy in relation to the facts or

Page 8 - PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE TO MOTION FOR SUMMARY
JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

applicable law for the denial of a claim."

Seneca understands that waiver and estoppel cannot be used to increase insurance coverage. *ABCD Vision v. Fireman's Fund Ins. Co.*, 304 Or. 301 (1987). However, whether James River has a duty of indemnity is not the issue to be decided. The question is whether James River has a duty of defense which is broader than the duty of indemnity. *Webber v. Chicago Title Ins. Co. of Oregon*, 169 Or.App. 24 (2000); *Gebrayal v. Transmerica Title Ins. Co.*, 132 Or.App. 271, 275, *rev. den.* 321 Or. 47 (1995). Therefore, given James River's conduct, Seneca argues that the court should not consider the Claim(s)-in-Progress exclusion in the context of deciding whether James River has a duty of defense.

### WHEN THE PROPERTY DAMAGE BEGAN IS A FACT ISSUE

It would be inappropriate for the court to apply the Claim(s)-in-Progress exclusion at this time. This is because we do not know when the property damage began. And the answer to the question of when the property damage began is purely a factual question. One can envision the parties in the underlying case taking very different positions as to when the property damage began. Deacon, Superwall, and the third-party defendants may very well have experts who have sharply differing opinions as to when the property damage began. And the resolution of that issue may very well require a trial in which a jury must decide when the property damage began. Given the factual uncertainty as to when the property damage began, there is no basis to decide at this time whether or not the Claim(s)-in-Progress exclusion applies.

### PAUL MAUGHAN

James River has a duty to defend Paul Maughan ("Maughan"). Deacon's second amended complaint alleges that Maughan was a partner of Superwall. (Langslet Decl., Ex. B,

Page 9 -   PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

¶ 5). As such, Maughan is an insured under the James River policy. (Langslet Decl., Ex. C, p. 12). This declaratory judgment action was filed on January 21, 2014. Mr. Maughan was not mentioned in the motion for summary judgment because at that time plaintiff did not know that Maughan was added as a defendant in Deacon's second amended complaint which was dated December 27, 2013. However, Seneca and James River now have the second amended complaint, James River knows that its insured (Maughan) was sued, and it has a duty to defend him. Receipt by an insurer of a copy of the complaint filed against an insured is sufficient to trigger an insurer's duty of defense. *Oregon Insurance Guaranty Assoc. v. Thompson*, 93 Or.App. 5 (1988).

## CONCLUSION

James River's no-coverage argument is inconsistent with established Oregon law. It is also factually wrong. There are no dates alleged in the underlying complaint that property damage began before the James River policy was in effect. James River's contrary arguments are based on guesswork and speculation. Seneca's motion for summary judgment should be granted.

DATED: June 26, 2014.

        MARTIN, BISCHOFF, TEMPLETON,
          LANGSLET & HOFFMAN LLP

        By:   s/John L. Langslet
          John L. Langslet, OSB No. 721469
          jlangslet@martinbischoff.com
          888 SW Fifth Avenue, Ste. 900
          Portland, OR 97204
          Telephone: (503) 224-3113
          Facsimile: (503) 224-9471

        Of Attorneys for Plaintiff

Page 10 - PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471